■ In the Matter of the Claim of RAYMOND MATIAS, Appellant. NEW YORK CITY DEPARTMENT OF PERSONNEL, Respondent; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [638 NYS2d 201] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 26, 1993, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, a sanitation worker, was involved in an accident while driving one of his employer's trucks. Thereafter, he failed to comply with his employer's directive to provide a sufficient urine sample for analysis. After a hearing pursuant to Civil Service Law § 75, claimant's employment was terminated. His application for unemployment insurance benefits was denied by the Board on the ground that he was terminated for misconduct. Claimant argues that the Board's decision is not supported by substantial evidence. We disagree.

At the Civil Service Law § 75 hearing, the Administrative Law Judge (hereinafter ALJ) considered whether claimant had engaged in misconduct and claimant had a full and fair opportunity to litigate this issue. Inasmuch as the same issue

was before the Board, the Board properly accorded collateral estoppel effect to the factual findings of the ALJ (*see, Matter of Brauner [Patchogue Nursing Ctr.—Hartnett]*, 162 AD2d 838, *lv dismissed* 76 NY2d 1018). Such findings support the Board's conclusion that claimant was terminated for misconduct.

Although claimant testified that he was unable to remain at the clinic to give another urine specimen because he was experiencing pain and discomfort and needed to return to the hospital, the ALJ found that claimant drove himself to the hospital and did not return to the clinic to give the specimen thereafter even though it was open 24 hours a day. In addition, the ALJ noted that claimant was observed in the park across the street from the clinic laughing with friends. In view of this, as well as the fact that the only injury sustained by claimant was a contusion to the leg, we find no reason to disturb the Board's decision.

Mikoll, J. P., Mercure, White, Yesawich Jr. and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.